FLETCHER, Judge.
General R.A.C., Inc. [General] appeals the trial court’s denial of its motion for final judgment in a garnishment action against Coldwell Banker. We affirm for several reasons.
General holds a judgment against Isaac Elbaz and Virginia Dienemann [sellers], who listed their homestead[1] property for sale, agreeing to pay a 6% commission if a buyer was found. When Coldwell brought its clients to the sale as buyers, it was agreed that Coldwell would serve as escrow agent for the buyers’ $10,000 deposit on the transaction. It was further agreed *607 that Coldwell would share the 6% commission with the sellers’ broker.
General, as judgment creditor of the sellers, served a writ of garnishment upon Coldwell, which answered, acknowledging possession of the deposit money but denying possession of any money owed to the judgment debtor-sellers. The real estate transaction closed on June 20, 2002, at which time Coldwell retained the $10,000 deposit, for which General sought entry of a final judgment. The trial court denied General’s motion, ruling that the deposit held in escrow was not a debt to or property of the judgment debtor-sellers therefore Coldwell was entitled to retain the deposit in payment of its commission on the transaction.
The issue before us is whether the deposit held in escrow by Coldwell in connection with the sale of the property is subject to garnishment. In Estate of Bain v. Bibolini, 737 So.2d 1238 (Fla. 3d DCA 1999), rev. denied, 751 So.2d 1250 (Fla.2000), this court held that “funds held in an escrow account maintained by the seller’s attorney for partial payment of a real estate commission were equitably owned by the broker to whom the commission was due, [and] ... were ... not subject to garnishment by a judgment creditor of the seller.”
General argues, however, that amendments made to section 77.01 and section 77.06(1), Florida Statutes (2002) effectively overruled the decision in Bain. We conclude that the amendments are not relevant to the situation herein. Section 77.01 states, in pertinent part, that a judgment creditor “has a right to a writ of garnishment ... to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant.” [e.s.] General argues that the judgment debtor-sellers were absolutely entitled to half the deposit amount according to the terms of the contract in a case of default, and, therefore, the deposit was subject to garnishment. With this we disagree as the funds would not absolutely have become due to the judgment debtor-sellers merely by the passage of time.
Further, in real estate sales transactions the buyers’ deposit is part of the proceeds from which, at time of closing, deductions are made for seller’s expenses, including a broker’s commission, if any. The $10,000 deposit, as part of the proceeds from the sale of the homestead, did not lose its homestead protection,[2] thus is not reachable by General.
We therefore affirm the trial court’s order.

. As homestead property it is exempt from forced sale. Art. X, § 4, Fla. Const. The proceeds of a voluntary sale of homestead property are also exempt under certain circumstances. See the discussion at 28A Fla. Jur.2d Homestead § 26 (1998).

. The proceeds remaining in the sellers' possession may lose their homestead protection if not used to purchase a new homestead in a reasonable lime. See Orange Brevard Plumbing & Heating Co. v. LaCroix, 137 So.2d 201 (Fla.1962).